# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1752-17T4

J.G.K.,

     Plaintiff-Respondent/
     Cross-Appellant,

v.

M.S.,

     Defendant-Appellant/
     Cross-Respondent.

_____

     Argued January 30, 2019 – Decided February 22, 2019

     Before Judges Nugent and Reisner.

     On appeal from Superior Court of New Jersey, Chancery Division, Family Part, Monmouth County, Docket No. FM-13-0962-09.

     Kristin S. Pallonetti argued the cause for appellant/cross-respondent (Law Office of Steven P. Monaghan, LLC, attorneys; Kristin S. Pallonetti, on the brief).

     Toby Grabelle argued the cause for respondent/cross-appellant.

PER CURIAM

Plaintiff J. G. K. cross-appeals from paragraph two of a December 4, 2017 order entered by the Family Part, denying his motion to impute $85,000 in income to defendant M.S. Defendant withdrew her appeal from other portions of the order, leaving only plaintiff's cross-appeal to be decided. We affirm on the cross-appeal, because plaintiff did not present legally competent evidence to support a prima facie case of changed circumstances. See Lepis v. Lepis, 83 N.J. 139, 157-59 (1980).

The parties were married in 2003. It was defendant's second marriage. The parties had one child, born in 2005, and they were divorced in 2009. In the matrimonial settlement agreement (MSA), plaintiff agreed to pay defendant child support, plus four years of limited duration alimony, after which the parties agreed that child support would be subject to review. The parties agreed to impute $15,000 in income to defendant, who had stayed home caring for her children during each of her two marriages. They agreed that the amount of imputed income would be "readdressed when child support is subject to review."

Consistent with the MSA, after plaintiff's alimony obligation expired in 2013, defendant moved for additional child support. Plaintiff cross-moved to have the court impute additional income to defendant and decrease his child support obligation. The court entered an order on August 22, 2013, imputing

$45,000 in income to defendant, who had just begun working as a loan officer.[1] Neither party appealed from that order.

In 2017, plaintiff filed a motion seeking additional overnight parenting with the child, who was then eleven years old, and he sought a corresponding decrease in his child support obligation. Plaintiff also sought a decrease in his child support obligation based on his request that the court impute $85,000 in income to defendant. Plaintiff's certification in support of income imputation was largely based on hearsay and his personal views as to what defendant should be earning, although plaintiff freely admitted that she was likely not earning anywhere near that amount. Plaintiff conceded that defendant had undergone serious spinal surgery; however, he contended, based on his experience handling medical malpractice cases, that defendant's recovery time should be shorter than she claimed it was. In her responding certification, defendant emphasized the serious nature of her medical condition, and her inability to work more than ten hours a week at that time, based on her doctor's recommendation.

There appeared to be no material factual dispute that defendant was not working full-time. Plaintiff's assertions as to the amount of imputed income

---

[1] At the time of the 2013 motions, defendant was forty-six years old and had not held a job since she was twenty. Hence, the mortgage loan officer position was her first foray into the job market in more than two decades.

were based on a document setting forth the annual mean income for a full-time loan officer. The document did not state the typical starting salary for the position, or the length of time needed to reach the mean annual income. Further, as defendant noted, despite her physical inability to work full-time, the 2013 court order imputing $45,000 in income to her, and using that number as a factor in determining child support, was still in effect.

The trial court denied plaintiff's motion to impute more income without discussion, thereby leaving in place the income-imputation provision of the 2013 order. The court focused instead on plaintiff's application for additional parenting time. The court granted that relief and significantly decreased plaintiff's child support obligation solely on that basis.

Plaintiff now contends that the trial court's decision should be reversed, because defendant did not file a case information statement or financial documents verifying her current income. In considering this appeal, we first observe that the trial court should have stated reasons for denying the portion of the motion seeking to increase defendant's imputed income. See R. 1:7-4. Nonetheless, we affirm paragraph two of the order on appeal, because it is supported by the record. There was no evidence that defendant was earning $85,000 a year in 2017, and in fact, plaintiff admitted that defendant was

probably earning very little. Nor did plaintiff present a prima facie case to support his contention that, at the time he filed his motion, $45,000 was no longer a reasonable amount of income to impute to defendant. Absent a prima facie case of changed circumstances, no financial discovery was required. See Lepis, 83 N.J. at 139, 157-59.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1752-17T4